CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

10/08/2018
JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **RAYMOND MASON,** | ) |
| Plaintiff, | ) Civil Action No.: 3:18CV00095 |
| v. | ) Jury Trial Demanded |
| **LEWIS CONTRACTING SERVICES, LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Raymond Mason, by counsel, and moves this Court for entry of judgment in his favor against Defendant Lewis Contracting Services, LLC, and in support of his Complaint states as follows:

### INTRODUCTION

1. Plaintiff Raymond Mason brings this action against Defendant Lewis Contracting Services, LLC pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination, harassment and retaliation based on his race, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, for unlawful discrimination and retaliation based on his age.

### PARTIES

2. Plaintiff Raymond Mason is a citizen and resident of the City of Charlottesville and is a former employee of Defendant Lewis Contracting Services, LLC.

3. Defendant Lewis Contracting Services, LLC ("Lewis Contracting") is a limited liability Company formed and existing under the laws of the State of Georgia and is not

authorized to conduct business in the Commonwealth of Virginia. At all times relevant herein, Defendant Lewis Contracting transacted business, contracted to supply services or things, and maintained an interest in real property in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims in this action occurred in this District, and 28 U.S.C. § 1391(b)(1) in that Defendant is deemed a resident of this District pursuant to 28 U.S.C. §§ 1391(c) and (d).

6. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") that included within its scope the claims alleged herein. The Plaintiff received a Notice of Right to Sue from the EEOC dated July 10, 2018 and is filing this action within ninety (90) days of his receipt thereof.

## FACTS AND CIRCUMSTANCES COMMON TO ALL CAUSES OF ACTION

7. Plaintiff Raymond Mason is a fifty-nine (59) year-old African American male and is a former employee of the Defendant Lewis.

8. During September 2016 Plaintiff was hired by Defendant Lewis Contracting to work as a laborer.

9. Throughout the duration of his employment with Defendant Lewis Contracting, Plaintiff worked as a laborer to the satisfaction of Defendant.

10. Defendant Lewis Contracting performed work as a subcontractor for the 5th Street Place development in Charlottesville, Virginia. The general contractor for the project was VCC, which is not a party to this action.

11. Throughout Plaintiff's employment, Plaintiff's supervisor, who was a white male employee of Defendant Lewis Contracting, regularly used racist language and racial slurs toward African American workers. The supervisor would regularly call African American workers "boy" and "nigger."

12. Plaintiff complained to VCC regarding the supervisor's racially offensive behavior. On information and belief, VCC reported the complaint to Defendant, and spoke directly to Plaintiff's supervisor regarding the racially hostile behavior. Plaintiff's supervisor informed Plaintiff that he was not concerned about Plaintiff's reporting his behavior to his employer because there would be no consequences for his use of racially offensive slurs or other racially offensive conduct toward African American workers.

13. On or about January 12, 2017, during the course of performing his work duties, Plaintiff was working alongside his supervisor. Plaintiff's supervisor was operating heavy equipment used to lay cement pipe. Plaintiff was assisting him by securing a strap to the pipe so that the supervisor could move the pipe with the heavy equipment.

14. During the course of moving the pipe, Plaintiff's supervisor attempted to strike Plaintiff with the pipe after Plaintiff had secured it to the heavy equipment. This act was very dangerous and could have caused significant harm to Plaintiff.

15. When Plaintiff gestured to the supervisor and asked him what he was doing, Plaintiff's supervisor told him he was "tired of your monkey ass," which is a racial epithet, and told Plaintiff he was "too old to work."

16. Plaintiff immediately protested to his supervisor and told him he didn't like being called a monkey.

17. Plaintiff's supervisor immediately responded to Plaintiff's objection by saying, "If you don't like it, get the [expletive] off my job site," and then told Plaintiff he was fired.

18. That same day Plaintiff filed a complaint with VCC notifying VCC that the supervisor had called him a racial epithet and then terminated his employment when he objected to being called a racial slur.

19. Also that same day Plaintiff complained to Defendant that his supervisor had called him a racial epithet and then terminated his employment when Plaintiff objected to this conduct.

20. Defendant took no actions against Plaintiff's supervisor and ratified the termination of Plaintiff's employment.

### FOR A FIRST CAUSE OF ACTION
### Unlawful Retaliation Pursuant to Title VII
### Violation of 42 U.S.C. § 2000e-3

21. Plaintiff realleges the allegations contained in paragraphs 1-20 as if specifically stated herein.

22. At all times relevant herein, Defendant was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day, and, as such, was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

23. Plaintiff engaged in protected activity pursuant to 42 U.S.C. § 2000e-3 in complaining of racial harassment and racial discrimination to his employers and in opposing his supervisor's calling him and other African Americans racially offensive names.

24. Plaintiff suffered adverse action by the Defendant either immediately after or contemporaneous with his protected activity in that Defendant terminated Plaintiff's employment.

25. Defendant's adverse employment action was caused by Plaintiff's engaging in protected activity.

26. As a result of Defendant's unlawful retaliation in violation of 42 U.S.C. § 2000e-3, Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

27. As a result of Defendant's unlawful retaliation in violation of 42 U.S.C. § 2000e-3, Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and his attorneys' fees and costs incurred in bringing this action.

## FOR A SECOND CAUSE OF ACTION
### Unlawful Retaliation Pursuant to the Age Discrimination in Employment Act
### Violation of 29 U.S.C. § 623(d)

28. Plaintiff realleges the allegations contained in paragraphs 1-27 as if specifically stated herein.

29. At all times relevant herein, Defendant was engaged in an industry affecting commerce and had fifteen (20) or more employees for each working day, and, as such, was an "employer" within the meaning of 29 U.S.C. § 630(b).

30. Plaintiff engaged in protected activity pursuant to 29 U.S.C. § 623(d) in complaining of harassment based on age to his employers and in opposing his supervisor's saying he was "too old to work."

31. Plaintiff suffered adverse action by the Defendant either immediately after or contemporaneous with his protected activity in that Defendant terminated Plaintiff's employment.

32. Defendant's adverse employment action was caused by Plaintiff's engaging in protected activity.

33. As a result of Defendant's unlawful retaliation in violation of 29 U.S.C. § 623(d), Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

34. As a result of Defendant's unlawful retaliation in violation of 29 U.S.C. § 623(d), Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and his attorneys' fees and costs incurred in bringing this action.

**FOR A THIRD CAUSE OF ACTION**
**Unlawful Harassment Based on Race**
**Violation of 42 U.S.C. § 2000e-2**

35. Plaintiff realleges the allegations contained in paragraphs 1-34 as if specifically stated herein.

36. Plaintiff's supervisor engaged in racially offensive behavior, including using racial epithets and other derogatory treatment of African American workers, and attempting to injure Plaintiff while working.

37. Plaintiff's supervisor's racially offensive behavior was unwelcome, and Plaintiff indicated it as such to the supervisor.

38. Plaintiff's supervisor's conduct was severe and pervasive such that a reasonable person would consider the work environment intimidating, hostile, or abusive.

39. Plaintiff's supervisor's racially offensive conduct resulted in the termination of Plaintiff's employment with Defendant.

40. As a result of Plaintiff's supervisor's harassment, and the resulting termination of Plaintiff's employment, Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

41. As a result of Plaintiff's supervisor's harassment, and the resulting termination of Plaintiff's employment, Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and his attorneys' fees and costs incurred in bringing this action.

**FOR A FOURTH CAUSE OF ACTION**
**Unlawful Discrimination Based on Race**
**Violation of 42 U.S.C. § 2000e-2**

42. Plaintiff realleges the allegations contained in paragraphs 1-41 as if specifically stated herein.

43. At all times relevant herein, Plaintiff worked as a laborer for the Defendant and performed to the satisfaction of the Defendant.

44. Despite Plaintiff's satisfactory job performance, Defendant terminated Plaintiff's employment.

45. Defendant's decision to terminate Plaintiff's employment was based on Plaintiff's race (African American) and motivated by a racial animus as shown by Plaintiff's supervisor's use of racial slurs and epithets when terminating Plaintiff's employment.

46. As a result of Defendant's unlawful discrimination in violation of 42 U.S.C. § 2000e-2, Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

47. As a result of Defendant's unlawful discrimination in violation of 42 U.S.C. § 2000e-2, Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and his attorneys' fees and costs incurred in bringing this action.

### FOR A FIFTH CAUSE OF ACTION
### Unlawful Discrimination Based on Age
### Violation of 29 U.S.C. § 623(a)

48. Plaintiff realleges the allegations contained in paragraphs 1-47 as if specifically stated herein.

49. At all times relevant herein, Plaintiff worked as a laborer for the Defendant and performed to the satisfaction of the Defendant.

50. Despite Plaintiff's satisfactory job performance, Defendant terminated Plaintiff's employment.

51. Defendant's decision to terminate Plaintiff's employment was based on Plaintiff's age and motivated by a negative animus based on age as shown by Plaintiff's supervisor's statement that Plaintiff was too old to perform the work when terminating Plaintiff's employment.

52. As a result of Defendant's unlawful discrimination in violation of 29 U.S.C. § 623(a), Plaintiff has suffered injuries and damages including lost wages and benefits, emotional distress, humiliation, and other harm.

53. As a result of Defendant's unlawful discrimination in violation of 29 U.S.C. § 623(a), Plaintiff is entitled to recover back pay, front pay, lost benefits, compensatory damages and punitive damages, and his attorneys' fees and costs incurred in bringing this action.

### PRAYER FOR RELIEF

54. Plaintiff prays that this Court grant judgment against Defendant as follows:

a. For an Order awarding equitable relief including appropriate back pay and front pay;

b. For an Order awarding Plaintiff's lost wages and benefits;

c. For an Order awarding compensatory damages, including emotional distress, mental anguish, and humiliation;

d. For an Order awarding punitive damages; and

e. For an Order awarding Plaintiff's attorneys' fees and costs incurred in bringing this action.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

Respectfully submitted,

RAYMOND MASON

/s/ William C. Tucker
William C. Tucker (VSB No. 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(434) 978-0100 Phone
(434) 978-0101 Fax
bill.tucker@tuckerlawplc.com

*Attorney for Plaintiff*