CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RAYMOND MASON, | Civil Action No. 3:18CV00095 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| LEWIS CONTRACTING SERVICES, LLC, | Senior United States District Judge |
| Defendant. | |

Raymond Mason filed this action against Lewis Contracting Services, LLC ("Lewis Contracting"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. The defendant has moved to dismiss the complaint for failure to effect timely service of process under Federal Rule of Civil Procedure 4(m). In response, the plaintiff has filed a motion to extend the time for service. The parties' motions have been fully briefed and are ripe for disposition. For the following reasons, the court will exercise its discretion to extend the time for service of process. Accordingly, the plaintiff's motion will be granted and the defendant's motion will be denied.

## Background

Mason is a resident of Charlottesville, Virginia. Lewis Contracting is a limited liability company based in Atlanta, Georgia. In September of 2016, Lewis Contracting performed work as a subcontractor on a development project in Charlottesville. The company hired Mason to

work as a laborer. Mason alleges that he was subjected to unlawful harassment, discrimination, and retaliation during his employment, which culminated in his termination.

Following his termination, Mason filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on July 10, 2018. Ninety days later, on October 8, 2018, Mason commenced the instant action. Before serving the defendant, Mason filed an amended complaint on December 7, 2018.

At some point thereafter, Mason retained a professional process server in Atlanta to serve the defendant. The plaintiff has submitted a sworn declaration from the process server, Margaret Ruddock. According to the declaration, Ruddock attempted to personally serve the defendant's registered agent, Jay W. Pakchar, Esq., on January 3, 2019. Pakchar's receptionist advised Ruddock that Pakchar was not in the office and that she did not see him every day. Ruddock informed the receptionist that she needed to serve Pakchar as the registered agent for Lewis Contracting. The receptionist gave Ruddock a business card containing Pakchar's telephone number. Ruddock called the number and left a message advising Pakchar that she was attempting to effect service on him. After she did not receive a response, Ruddock called Pakchar again the following day and left the same message. Pakchar did not respond to Ruddock's phone calls. On January 8, 2019, Ruddock returned to Pakchar's office, where she served him with process.

On January 15, 2019, Mason filed a proof of service signed by Ruddock. The proof of service indicates that Pakchar was served with process on January 8, 2019 at 11:02 a.m. The parties have since filed the instant motions.

## Discussion

In 2015, the presumptive time for serving a defendant was reduced from 120 days to 90 days. See Fed. R. Civ. P. 4(m), Advisory Comm. Notes (2015 Amendment). The service clock

starts on the date the complaint is filed against a defendant, Fed. R. Civ. P. 4(m), and "is not restarted by the filing of an amended complaint." Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006). In this case, it is undisputed that the complaint was filed on October 8, 2018, that the 90-day service period expired on Monday, January 7, 2019, and that service was accomplished one day later.

When a defendant is not served within 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) makes clear that "if the plaintiff shows good cause for the failure, the court must extend the service time for an appropriate period." Id. However, "[e]ven if a plaintiff does not establish good cause," the court "may in its discretion grant an extension of time for service." San Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481, at *1 (4th Cir. 1999) (unpublished table opinion); see also Henderson v. United States, 517 U.S. 654, 658 n.5 (1996) (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown'") (quoting Advisory Committee Notes to Rule 4(m) (1993 Amendment)).

In their respective filings, the parties dispute whether Mason has established good cause for failing to serve the defendant within the 90-day period. "Generally, for purpose of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiff[]." Attkisson v. Holder, ___ F.3d ___, 2019 WL 2147243, at *16 (4th Cir. May 17, 2019). "Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Id.

On the present record, the court is not convinced that Mason has established good cause for failing to make timely service. According to the plaintiff's own evidence, his process server did not attempt to serve the defendant's registered agent until January 3, 2019—only four days before

3

the service deadline. Although the evidence also indicates that the registered agent failed to return two subsequent phone calls, there is no indication that this was part of a concerted effort to evade service of process. Indeed, the record reflects that the process server successfully served the registered agent on her second visit to his office. Thus, it appears likely that the current dispute could have been avoided had the plaintiff not waited until the end of the 90-day period to serve the defendant.

Nonetheless, as indicated above, the court may exercise its discretion to extend the service period even in the absence of good cause. Under the circumstances presented, the court finds it appropriate to do so in this case. There is simply no basis for the court to conclude that extending the service period by one day would unduly prejudice the defendant. See Cell Film Holdings, LLC v. Does, No. 3:16-cv-00749, 2016 WL 7494319, at *5 (E.D. Va. Dec. 30, 2016) ("Because this case remains in an early stage of litigation, in which [the defendant] has not filed an answer or other responsive pleading, the Court sees no prejudice that could result from a brief extension of time."). On the other hand, granting the defendant's motion to dismiss would likely result in Mason's claims being time-barred, since plaintiffs are required to file suit under Title VII and the ADEA within ninety days after the issuance of a right-to-sue letter by the EEOC. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); see also Mann v. Std. Motor Prods., Inc., 532 F. App'x 417, 418 (4th Cir. 2013) (explaining that a dismissal without prejudice does not toll the ninety-day statute of limitations period). The Advisory Committee Notes to Rule 4(m) specifically recognize that a discretionary extension may be warranted in such situation. See Fed. R. Civ. P. 4(m), Advisory Comm. Notes (1993 Amendment) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."). Accordingly, the court will exercise its discretion to extend the service deadline and permit the case to proceed.

## Conclusion

For the reasons stated, the plaintiff's motion to extend the time for service will be granted, service of process on the defendant will be deemed timely, and the defendant's motion to dismiss will be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 6th day of June, 2019.

_____
Senior United States District Judge