CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/13/2019
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RAYMOND MASON, | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00095 |
| v. | ) **MEMORANDUM OPINION** |
| LEWIS CONTRACTING SERVICES, LLC, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

On October 8, 2018, plaintiff Raymond Mason filed a complaint against Lewis Contracting Services, LLC ("Lewis Contracting"). Mason brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., which allegedly arose from events taking place in early 2017.

On July 25, 2019, the Clerk of Court issued a scheduling letter requesting that the parties confer regarding trial dates. ECF No. 23. On July 26, 2019 counsel for Lewis Contracting moved to withdraw from this case on the grounds that Lewis Contracting had failed to fulfill an obligation to them. ECF No. 24. On October 7, 2019, this court denied counsel's request on the basis that a corporate entity may not appear in federal courts without a licensed attorney. ECF No. 25 (citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)). The court also imposed a 30-day stay over this action to allow Lewis Contracting time to retain new counsel. Id.

On November 19, 2019, the Clerk of Court again issued a scheduling letter. ECF No. 26. Thereafter, a jury trial was set in this matter to begin on July 20, 2020. ECF No. 27. On December 11, 2019, counsel for Lewis Contracting renewed their motion to withdraw. ECF No. 28. In that motion, counsel relayed that attempts at communication with Lewis Contracting have been fruitless, and stated that they are unable to ethically represent an unresponsive client. Thus,

counsel argues that they present grounds for withdrawal. W.D. Va. L.R. (6)(i) (counsel may only withdraw from an action "with the consent of the Court for good cause shown"); Va. Rules of Prof'l Conduct R. 1.16(b)(6) (lawyers may withdraw from a representation if good cause for withdrawal exists). To date, Lewis Contracting has failed to have new counsel appear on its behalf in this action.

## Discussion

The Federal Rules of Civil Procedure, which govern this case, require that courts employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The court sympathizes with the difficult position counsel is in. Even more, the court considers the delay that has been imposed on the plaintiff in this case. Mason should not be strung along by Lewis Contracting's apparent refusal to take part in this litigation.

A corporate entity's failure to appoint counsel provides grounds for a default judgment under Federal Rule of Civil Procedure 55. To begin, a corporate entity cannot appear in federal court without counsel. See Rowland, 506 U.S. at 202; In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014). And when a party has "failed to plead or otherwise defend" an action, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Such a failure to "otherwise defend" includes non-compliance with a court order for a corporate entity to "obtain substitute counsel." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 918 (3d Cir. 1992). Thereafter, Rule 55(b) authorizes courts to enter a default judgment on a plaintiff's motion. Fed. R. Civ. P. 55(b). Accordingly, courts regularly grant default judgment where corporations fail to appear with counsel. Hoxworth, 980 F.2d at 918; Allied Colloids, Inc. v. Jadair, Inc., No. 96-2078, 1998 WL 112719 (4th Cir. March 16, 1998) (affirming grant of default judgment where corporate defendant failed to obtain local counsel as ordered by court); N. Carolina Mut. Life Ins. Co. v. Stamford

2

Brook Capital, LLC, No. 1:16-CV-1174, 2018 WL 7982866, at *1 (M.D.N.C. Aug. 16, 2018) ("[I]f new counsel does not appear on behalf of Stamford Brook and Forefront Capital, the claims against them may be treated as unopposed.").

Here, Lewis Contracting has been on notice that new counsel was required in this action since at least July 2019. ECF No. 24. More than two months have passed since this court explicitly informed Lewis Contracting that it could not proceed without new attorneys. ECF No. 25. The court will grant one further opportunity for the defendant to appoint new counsel: until January 10, 2020. Lewis Contracting is expressly warned that further delay invites default judgment, due in no part to the actions of their current counsel. The court notes that counsel has been responsive to the court's orders and communications both before and after its motions to withdraw.

A corporation's failure to comply with court orders and to take part in a litigation also provides grounds for sanctions. See, e.g., Bolus v. Fleetwood RV, Inc., 646 F. App'x 316, 318 (4th Cir. 2016) (affirming dismissal for failure to pay award of attorney's fees to plaintiff based on corporate defendant's months-long "failure to exercise greater diligence in seeking local counsel"). Any failure to comply with this order, or others issued by this court, invites sanctions.

The court is constrained to not grant counsel's motion to withdraw as counsel at the present time. See Rowland, 506 U.S. at 202; see also Clayton v. Dickens, No. 7:08-CV-00592, 2009 WL 4928057, at *1 (W.D. Va. Dec. 18, 2009) (Conrad, J.) (denying motion to withdraw despite indication that good cause existed). However, attorneys are not bound to forever represent their clients. The court will defer ruling on this motion until the deadline for new counsel to appear for Lewis Contracting is reached.

## Conclusion

For the reasons stated, the court will take the motion to withdraw as counsel under advisement. However, the defendant is ordered to have new counsel appear on its behalf in this action no later than January 10, 2020. The court will again stay this case until that date, or until new counsel appears for Lewis Contracting, whichever is sooner. Plaintiff may proceed with discovery and motion practice thereafter.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 13th day of December, 2019

_____
Senior United States District Judge