IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| RAYMOND MASON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18CV00095 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| LEWIS CONTRACTING SERVICES, LLC, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

On October 8, 2018, plaintiff Raymond Mason filed a complaint against Lewis Contracting Services, LLC ("Lewis Contracting"). Mason brings claims of discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. This matter is before the court on Mason's motion for a default judgment and Lewis Contracting's motion to set aside the Clerk's entry of default. For the reasons stated, the court finds good cause to deny Mason's motion and to grant Lewis Contracting's motion.

## Background

The events underlying Mason's claims arose in early 2017. Lewis Contracting is an Atlanta-based construction company. ECF No. 37-1, Decl. of Charlie Lewis; ECF No. 37-2, Decl. of Carolyn Lewis. Mason, who is African American, worked as a laborer for Lewis Contracting. Id. In January 2017, a white supervisor told Mason that "I am tired of your monkey ass" and that Mason was "too old for this job." That same supervisor allegedly tried to strike Mason with a heavy concrete pipe. Am. Compl. ¶ 15. Mason was fired soon after objecting to the word "monkey." Lewis Contracting alleges that Mason was fired for failing to follow directions and creating safety issues, and that the use of the word "monkey" was meant to refer to "monkeying around" rather than as a racial slur. Decl. of Carolyn Lewis.

On July 25, 2019, the Clerk of Court issued a scheduling letter requesting that the parties confer regarding trial dates. ECF No. 23. On July 26, 2019, counsel for Lewis Contracting, Fisher & Phillips, moved to withdraw from this case. ECF No. 24. Lewis Contracting has submitted sworn declarations from Operations Manager Charlie Lewis and Payroll Manager Carolyn Lewis that provide further context for this period. See Decl. of Charlie Lewis; Decl. of Carolyn Lewis. Mr. and Mrs. Lewis inform the court that the company was strapped for cash: its customers had not paid invoices, and thus, Lewis Contracting could not pay Fisher & Phillips. Decl. of Charlie Lewis ¶¶ 5–7. On October 7, 2019, this court denied Fisher & Phillips' motion on the basis that a corporate entity may not appear in federal courts without a licensed attorney. ECF No. 25 (citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)). The court also imposed a 30-day stay over this action to allow Lewis Contracting time to retain new counsel. Id.

On November 19, 2019, the Clerk of Court again issued a scheduling letter. ECF No. 26. Thereafter, a jury trial was set in this matter to begin on July 20, 2020. ECF No. 27. On December 11, 2019, Fisher & Phillips renewed their motion to withdraw. ECF No. 28. The court granted the motion on December 13, 2019, but gave Lewis Contracting until January 10, 2020 to have counsel appear on its behalf. ECF No. 30.

At this point, it appears that Lewis Contracting began its search for new counsel in earnest. Although lacking in some specifics, the declarations attached to defendant's motion describe attempts to retain counsel, the financial inability to pay retainers, and some delay that is attributable to defendant's prospective attorneys while reviewing the case file. Mr. Lewis states that he considered asking the court for an extension during this period, but believed that he could only do so through counsel. Decl. of Charlie Lewis ¶ 16. Lewis Contracting did not meet the court's January 10 deadline, and the Clerk entered a default against defendant on January 31, 2020. At

some point in late February, Lewis Contracting successfully retained its current Atlanta-based counsel, who in turn coordinated with local counsel to appear before this court. Decl. of Charlie Lewis ¶¶ 19–20. New counsel for Lewis Contracting appeared on March 5, 2020 and filed the present motion. ECF Nos. 34, 35, 36.

## Standard of Review

A court may set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). When deciding whether to grant such relief, courts should consider whether the movant has a "meritorious defense," whether it has acted with "reasonable promptness," the "personal responsibility of the defaulting party," any prejudice to the opposing party, whether the movant has displayed "a history of dilatory action," and whether "less drastic" sanctions are available. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010); Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.").[1] "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.

---

[1] Citing out-of-circuit authority, Mason argues that the court should analyze the motion as a motion for reconsideration under Federal Rule of Civil Procedure 54(b), rather than under the "good cause" standard of Rule 55 because of Lewis Contracting's failure to abide by the court's orders. ECF No. 38 at 3–6; Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 855 (8th Cir. 1996) ("N[othing in Rule 55 guarantees a party the right to seek setting aside a clerk's entry of default before a default judgment is entered for failure to defend."). The court is of the opinion that review under Rule 55(c) is proper in light of the text of the Rule, and in the absence of binding authority instructing the court otherwise. See Fed. R. Civ. P. 55(a) (Clerk must enter a party's default for failure to defend); Id. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."). Further, this case is distinguishable from City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011), because the court has not entered a default judgment against Lewis Contracting.

1969).

## Discussion

To begin, Lewis Contracting has proffered evidence of a meritorious defense to Mason's Title VII and ADEA claims. "[A]ll that is necessary to establish the existence of a 'meritorious defense'" under Rule 55(c) "is a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). For purposes of deciding the present motions, the court believes that Lewis Contracting has submitted facts that could constitute a legitimate, non-discriminatory reason for terminating Mason under the burden-shifting framework through which Title VII and ADEA discrimination claims are analyzed. See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03 (1973), holding modified by Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993). Specifically, Lewis Contracting alleges that Mason was fired for failure to follow directions from supervisors. See Decl. of Carolyn Lewis. As to the hostile work environment and retaliation claims, Lewis Contracting offers a colorable, contrary meaning to the word "monkey" used at the time Mason was fired. For purposes of deciding the present motions, the court believes that a reasonable jury could find for the defendant on this point. Cf. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 280 (4th Cir. 2015) (concluding that the use of "porch monkey" towards employee at the time of her firing created a jury issue on hostile work environment and retaliation claims).

The court next considers whether Lewis Contracting has acted with "reasonable promptness." Payne, 439 F.3d at 203. In this case, the Clerk entered a default against Lewis Contracting on January 31, 2020. ECF No. 32. Lewis Contracting filed its motion on March 5, 2020. ECF No. 36. Although it is a close question, the court considers the motion to be reasonably

4

prompt in light of defendant's circumstances and the history of attempts to retain counsel supported by sworn declarations. Cf. Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (two-and-a-half-month delay after entry of default was not reasonably prompt).

Next, as to the "personal responsibility of the defaulting party," Payne, 439 F.3d at 203, there is no dispute that Lewis Contracting is responsible for its failure to obtain counsel.

Looking to the next factor, Mason has not demonstrated prejudice that would weigh in favor of denying Lewis Contracting's motion. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." Hoover Universal, Inc., 616 F.3d at 418. Mason argues that "he will be prejudiced by setting aside the default because [he] will lose eight months, which is nearly the entire discovery period, to conduct discovery." ECF No. 39 at 13. While the court is reluctant to impose further delay in this case, the court will continue the existing case deadlines in order to allow for adequate discovery in this matter.

The court now considers whether Lewis Contracting has demonstrated "a history of dilatory action." Payne, 439 F.3d at 203. While defendant has certainly delayed in appearing with counsel, the court considers this failure as a single, continuing issue. Mason has not informed the court of other delays by Lewis Contracting.

Finally, less drastic sanctions than dismissal are available here, and thus this factor weighs in favor of granting Lewis Contracting's motion. The Fourth Circuit favors consideration of an award of attorney's fees and costs instead of a default judgment. See Hoover Universal, Inc., 616 F.3d at 418 (trial court erred in not considering fees and costs as a sanction). The court would certainly entertain an application for such relief by Mason. However, if Mason is inclined make

5

such a request, the court encourages the parties to attempt to resolve this question before resorting to the court.

In sum, the court concludes in its discretion that good cause exists to set aside the entry of default as to Lewis Contracting. See Hoover Universal, Inc., 616 F.3d at 418 (movant satisfied four of the six factors set forth in Payne); Consol. Masonry & Fireproofing, Inc., 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). The court expects Lewis Contracting to "meet all obligations" associated with this case in the future. ECF No. 37 at 12.

## Conclusion

For the reasons stated, the court will grant Lewis Contracting's motion and deny Mason's motion. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This  21st day of April, 2020.

*s/ Glen E. Conrad*
Senior United States District Judge